[Civ. No. 6894. Fourth Dist. Nov. 21, 1962.]

CARL L. HOFFMAN, Plaintiff and Appellant, v. RIVER-SIDE CITY SCHOOL DISTRICT, Defendant and Respondent.

Lewis Garrett and Lionel Richman for Plaintiff and Appellant.

Ray T. Sullivan, Jr., County Counsel, James H. Angell, Assistant County Counsel, and John Woodhead, Deputy County Counsel, for Defendant and Respondent.

SHEPARD, J.—This is an appeal by plaintiff from a judgment of dismissal after demurrer sustained.

FACTS

This cause comes to us as one of four appeals respecting which the parties have stated by stipulation in writing filed with this court that "the matters of law and fact are similar in all four cases" and that therefore the four cases may be consolidated for purposes of appeal and for briefs.

By his amended complaint plaintiff sets forth his taxpayer status and that at all times mentioned he was a delegate and member of the Building and Construction Trades Council of San Bernardino and Riverside Counties, an association of a number of labor unions, parties to certain collective bargaining agreements by which applicable wage rates were established and were accepted for federal public works in the Riverside community; (in his brief to this court he claims standing to sue as such labor representative); the political entity of defendant school district; names the school trustees as defendants, and states their control over defendant district; that on January 20, 1961, defendants published a notice calling for bids for certain school construction; and states that in said notice is set forth the prevailing wage rate per hour for the trades and workers used in said construction, which rate is identical with the rate set forth in the collective bargaining agreements above referred to but that certain additional benefits contained in said collective bargaining agreement were not taken into consideration by defendant's board of trustees.

 Plaintiff prays for injunctive relief to prevent the expenditure of any public funds on account of the construction contract on the alleged ground that said contract is void due to the defendant's error in failing to include said fringe benefits in its prevailing wage determination and published notice.

By the amended complaint there is no allegation that a copy of said collective bargaining agreements or any of them was ever filed with the Director of Industrial Relations. There is no allegation that said agreements were ever called to the attention of defendant's board of trustees. There is no allegation that plaintiff or anyone ever approached defendant's board of trustees to ask a revision of the wage rate or ever suggested to the board that such wage rate was in error in any particular. There is no allegation that plaintiff, or anyone, filed a petition with the Director of Industrial Relations to correct said wage rate as is provided by Labor Code section 1773.4.

For the reasons set forth in *Hoffman* v. *Pedley School District,* No. 6872, *ante,* p. 72 [26 Cal.Rptr. 109] filed this day, the judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 16, 1963.